IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OCTAVIUS SHUMAN BRYANT, ) <br> # 196707, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PATRICE RICHIE, et al., ) <br> ) <br> Respondents. ) | CASE NO. 3:19-cv-596-ECM-JTA <br><br> (WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Octavius Shuman Bryant wherein he challenges his 2016 Lee County conviction for attempted murder and the sentence imposed. (Doc. No. 1 at 2). As discussed below, the undersigned finds that Bryant's petition is time-barred by the statute of limitations, 28 U.S.C. § 2244(d).

### **I.  BACKGROUND**

**A.  State Court Proceedings**

On March 1, 2016, Bryant, an Alabama inmate, was convicted of attempted murder and he was later sentenced on May 23, 2016, under the Alabama Habitual Felony Offender Act, to a term of life imprisonment. (Doc. No. 17-6 at 35, 56). On May 25, 2016, Bryant's counsel filed a motion for new trial, which was amended by a subsequent motion filed on July 11, 2016. (Doc. No. 17-1 at 92-93.). Bryant's motion for new trial was denied by operation of law on October 12, 2016, and the state court entered an opinion and order

denying the motion on December 27, 2016. (Doc. No. 1-2 at 11-16). Bryant appealed his conviction and raised two claims for ineffectiveness of counsel: (1) counsel was ineffective for failing to raise an objection regarding a juror seeing Bryant in prison clothes in the courthouse hallway, and (2) counsel was ineffective for failing to investigate and argue non-involvement as a defense theory. (Docs. No. 17-7, 17-8, 17-9). On May 26, 2017, the Alabama Court of Criminal Appeals issued an opinion denying these claims and affirming Bryant's conviction. (Doc. No. 17-9 at 1-7). Bryant filed no application for rehearing; nor did he file a petition for writ of certiorari in the Alabama Supreme Court. On June 14, 2017, a certificate of judgment was issued. (Doc. No. 17-10).

**B.     Bryant's State Post Conviction Petitions**

On May 24, 2018, Bryant filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure raising multiple ineffectiveness claims, including a claim that his trial counsel was ineffective for failing to argue a theory of non-involvement at trial. Later, on July 18, 2018, he filed an amendment to the petition. (Docs. No. 17-11, 17-12, 17-13). On February 14, 2019, the trial court issued an order denying Bryant's postconviction petition and concluding that his claim for ineffectiveness of counsel based on the failure to argue a non-involvement defense, among other claims, was procedurally defaulted under Rule 32.2(a) as a claim that had already been raised by him at trial and on direct appeal. (Doc. No. 17-11 at 4). On June 6, 2019, the Alabama Court of Criminal Appeals dismissed the appeal of the Rule 32 petition as untimely. (Docs. No. 17-15, 17-16).

On July 31, 2019, Bryant filed a second petition for postconviction relief under Rule 32, alleging he was entitled to an out of time appeal because the failure to timely appeal the denial of his first Rule 32 Petition was not his fault. (Docs. No. 17-17, 17-18). This petition was pending in the Lee County Circuit Court at the time Bryant filed his habeas petition in this Court.

**C.     Bryant's § 2254 Petition**

On August 19, 2019, Bryant, with assistance of counsel, filed this 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. No. 1). In his petition, Bryant asserts that his trial counsel was ineffective for failing to raise a non-involvement defense on his behalf. (Doc. No. 1 at 5.) The parties recognize that this claim was procedurally defaulted from the Rule 32 review in state court because Bryant failed to present this claim in a motion for direct appeal rehearing to the Alabama Court of Criminal Appeals or on direct appeal by certiorari review in the Alabama Supreme Court. (Docs. No. 17-7, 17-8, 17-9, 17-10).

Although the Respondents admit that this claim is exhausted for purposes of federal review, they argue that Bryant's petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d). (Doc. No. 17 at 11–16). The undersigned agrees. Hence, Bryant's petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

## II.     ANALYSIS

**A.     AEDPA's One-Year Statute of Limitations**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

3

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.**  **Discussion of Timeliness of Bryant's § 2254 Petition**

    As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Further, when an appellant seeks discretionary review of his conviction to the state's highest court, the AEDPA limitation period does not begin to run until the 90-day

4

window for filing a writ of certiorari in the United States Supreme Court expires. *See Bond v. Moore,* 309 F. 3d 770, 774 (11th Cir. 2002). It is undisputed that in the case at bar Bryant did not seek certiorari review of his conviction in the Alabama Supreme Court. Thus, Bryant's conviction became final on June 14, 2017, the date of the issuance of the certificate of judgment by the Alabama Court of Civil Appeals. (Doc. No. 17-10).

    *1.*    ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the AEDPA limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On May 24, 2018—when 344 days of the one-year limitation period had run—Bryant filed his first Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the AEDPA limitation period. The state court proceedings on Bryant's Rule 32 petition concluded on June 6, 2019—the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment finding his appeal from his Rule 32 proceedings was untimely. Hence, on that date, the tolling concluded and the one-year AEDPA limitation period resumed.

On July 31, 2019, Bryant filed his second state postconviction petition under Rule 32 of the Alabama Rules of Criminal Procedure, seeking an out of time appeal of his first Rule 32 petition. (Doc. No. 17-18). But this filing was too late. Bryant's second Rule 32

petition was filed thirty-four (34) days after the one-year AEDPA limitation period had expired.[1]  Bryant does not dispute these facts.

Bryant, however, argues his state court conviction was not "final" for purposes of the AEDPA one-year limitation period until the conclusion of the state proceedings on his out of time appeal on denial of his second Rule 32 petition. Specifically, citing *Giles v. State,* 250 So. 3d 611 (Ala. Civ. App. 2017), he argues that his state court proceeding was "reopened" by the circuit court's granting of an out of time appeal from the court's earlier denial of his Rule 32 petition. He further argues that because *Giles* had not been released when *Mashburn v. Comm'r, Ala. Dept. of Corr.,* 713 F. App'x 832 (11th Cir. 2017) was decided, *Mashburn* does not control here.[2]  Furthermore, Bryant points to *Goodman v. Nogan,* 2017 U.S. Dist. Lexis 94611, 2017 WL 2656016 (D.N.J. 2017) as persuasive authority for his argument that if he is granted an out of time appeal of his second Rule 32 petition, this would reset the clock on the pendency of his first Rule 32 petition to May 24, 2018, the date it was filed.

Bryant's arguments fail for two reasons. First, his arguments attempt to conflate the plain language of AEDPA which makes a petitioner's conviction *final* either by the conclusion of *direct* review or by the expiration of the time for seeking

---

[1] Because Bryant's second Rule 32 Petition was filed by his attorneys, he does not get the benefit of the "mailbox rule."  *See Washington v. U.S.,* 243 F. 3d 1299, 1301 (11th Cir. 2001); *Cousin v. Lensing,* 310 F. 3d 843, 847 (5th Cir. 2002).

[2] In *Mashburn,* a panel of the Eleventh Circuit specifically held that a habeas petitioner's out of time Rule 32 appeal did not restore the pendency of his Rule 32 for purposes of the AEDPA statutory tolling provision.

*direct* review under 28 U.S.C. § 2244(d)(1)(A) with 28 U.S.C. § 2244(d)(2) which tolls the running of the one-year time period beginning on the date concluding direct review while a "properly filed" Rule 32 petition "is pending." The express language of AEDPA confirms that finality of conviction, as set forth in § 2244(d)(1)(A), is determined by conclusion of *direct* review, which occurred in this action on June 14, 2017. The tolling provision, as set out in § 2244(d)(2), has no effect on the date of finality of *direct* review. Rather, tolling applies to the running of the one-year AEDPA limitation period while a Rule 32 petition seeking *collateral* review is "pending."

It is undisputed that the AEDPA limitation period began to run on June 14, 2017, as direct review was final. (Doc. No. 17-10). Further, there is no question that tolling began on May 24, 2018, when Bryant filed his first Rule 32 petition, (Docs. No 17-11, 17-12, 17-13), and ended on June 6, 2019, when the Alabama Court of Criminal Appeals denied his appeal of the Rule 32 petition as untimely (Docs. No. 17-15, 17-16). It is also undisputed that Bryant's second Rule 32 petition was not filed until July 31, 2019 (Docs. No. 17-17, 17-18), and thus was not pending for purposes of § 2244(d)(2) until that date. Because there was no Rule 32 petition pending in state court from June 6, 2019, through July 30, 2019, the AEDPA one-year limitation period resumed on June 6 and expired 21 days later on June 27, 2019.[3] Thus, the one-year limitation period expired prior to the filing of Bryant's second Rule 32 Petition on July 31, 2019.

---

[3] As aforementioned, 344 days of the one-year limitation period ran from June 14, 2017, to May 23, 2018.

Second, none of the cases which Bryant cites offer any support for his argument that if his second Rule 32 Petition filed in Lee County Circuit Court is granted, the AEDPA tolling period will be reset to May 24, 2019, and his habeas petition filed August 19, 2019, would not be time barred.  Rather, the *Mashburn, id.,* holding – that a habeas petitioner's out of time Rule 32 appeal did not restore the pendency of his Rule 32 for purposes of the AEDPA statutory tolling provision – compels the result reached here.  Further, the Alabama Civil Appeals Court decision in *Giles*, *id.,* which deals with a state law jurisdictional question regarding resolution of multiple Rule 32 petitions is inapposite to the question before the Court.  Moreover, *Goodman, id.,* likewise provides no support for Bryant's argument because it dealt with the date of finality of a direct appeal, which is not disputed in this action.  *Id.* at *2 (citing *Jimenez v. Quarterman,* 555 U.S. 113, 121 (2009) ("where a state court grants a criminal defendant's right to file an *out-of-time direct appeal* . . . his judgment is not yet 'final' for purposes of 2244(d)(1)(A)" )(emphasis added)).  Thus, the Court concludes that Bryant fails to direct the Court to any precedent which supports his argument that the 28 U.S.C. § 2244(d) tolling provision applicable to a "pending" Rule 32 petition saves his habeas petition from the one-year AEDPA time-bar.  Accordingly, the Court concludes that statutory tolling does not apply in this instance.

   2.   ***Equitable Tolling***

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . .

8

limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Bryant makes the cursory argument that equitable tolling saves his habeas petition from the AEDPA time bar because his case is factually similar to *Mashburn*. However, in *Mashburn* the Eleventh Circuit concluded that equitable tolling due to extraordinary circumstances saved the habeas petition from the time bar because the clerk of the trial court failed to serve the order summarily dismissing the Rule 32 petition as required by Alabama law and neither the state nor petitioner learned of the dismissal until sixteen months later. *Mashburn,* 713 F. App'x at 834. Bryant fails to present any facts similar to those present in *Mashburn*. Accordingly, the Court concludes that equitable tolling does not apply in this action.

### III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Bryant's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 17, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of August, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE